**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**
**Civil Division**

**Melvin March**
4374 Eagle Court
Waldorf, MD 20603

              Plaintiff

vs.

**Washington Metropolitan Area**
**Transit Authority**
600 5th Street, NW
Washington, DC 20001
    Serve: Patricia Lee, General Counsel
        600 5th Street, NW
        Washington, DC 20001

        and

**Raneshia Shernette Allen**
2649 Martin Luther King Avenue SE, #201
Washington, DC 20020

        Defendants.

Civil Action No._____

## COMPLAINT

1. This Court has jurisdiction because the subject matter automobile collision occurred in Prince George's County, Maryland.

2. Plaintiff Melvin March (hereinafter "March") is an adult individual who resides in Waldorf, Maryland.

3. Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA") is an organization which regularly conducts business in The State of Maryland and in Prince George's County.

4. Defendant Raneshia Shernette Allen (hereinafter "Allen") is an adult individual who resides in the District of Columbia.

5.     On or about July 1, 2017 at approximately 5:00 p.m., Plaintiff was operating a
       motor vehicle which was stopped on Indian Head Hwy at or near the intersection
       with Old Ford Road due to a red traffic light signal.

6.     At the aforementioned time and place, Defendant Allen was operating a vehicle
       owned by Defendant WMATA as their agent, servant and/or employee, with
       permission to use the vehicle, and was behind the Plaintiff's vehicle when
       Defendant Allen caused a collision by striking Plaintiff's vehicle when she
       prematurely moved the vehicle when the traffic light ahead turned green.

7.     At that time and place, Defendant Allen had express and or implied permission to
       use the vehicle within the scope of her employment or as an agent, servant, joint
       venturer, or employee of Defendant WMATA.

8.     Defendant Allen breached the duties of care owed to Plaintiff March.

9.     As a direct and proximate result of the Defendant's negligence and breach of
       duties, Plaintiffs suffered bodily injuries, sustained pain and discomfort, incurred
       medical expenses, property damage and lost income.

## COUNT I: NEGLIGENCE
## (PLAINTIFF MARCH AGAINST DEFENDANT ALLEN)

10.    Paragraphs 1-9 are hereby incorporated by reference and realleged as if fully
       restated herein.

11.    Defendant Allen owed Plaintiff March numerous duties including, but not limited
       to the following: to maintain control of her vehicle, to yield right of way, to avoid
       a collision, to obey traffic signs and controls, to obey the rules of the road, to keep
       a proper lookout, to pay full-time and attention to her driving, to leave a proper

distance, to drive at a reasonable speed under the circumstances, to obey traffic control devices, and to not cause a collision.

12.    Defendant Allen breached the duties owed to Plaintiff and caused the collision.

13.    As a direct and proximate result of Defendant Allen's breach of duties, Plaintiff suffered bodily injuries, sustained pain and discomfort, incurred medical expenses, and lost income.

WHEREFORE, Plaintiff March demands judgment against Defendant Allen in and amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

## COUNT II:  RESPONDEAT SUPERIOR/ VICARIOUS LIABILLITY (PLAINTIFF MARCH AGAINST DEFENDANT WMATA)

14.    Paragraphs 1-13 are hereby incorporated by reference and realleged as if fully restated herein.

15.    Defendant Allen was operating a vehicle owned by Defendant WMATA and with their permission and/or at their direction and/or as their agent, servant or employee.

16.    At all times relevant herein, Defendant WMATA through its employee, agent and servant, Defendant Allen, was negligent in the operation of the Defendant's vehicle as set forth above.

17.    As a direct and proximate result of the negligence of Defendant Allen, Defendant WMATA's employee, agent and servant, the collision occurred and Plaintiff sustained bodily injuries, sustained pain and discomfort, incurred medical expenses, and lost income.

18. Defendant WMATA is vicariously liable for the actions or omissions of

Defendant Allen and/or liable under a doctrine of respondeat superior.

WHEREFORE, Plaintiff March demands judgment against Defendant WMATA

in and amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and

costs.

Respectfully submitted,

Zachary S. Myers, Esq.   CPF # 1112140289
Judy L. Feinberg, Esq.   CPF # 8506010092
Feinberg Myers, P.C.
9241 Cambridge Manor Court
Potomac, MD 20854
301-765-0076
*Attorney for Plaintiff*